**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Tina Marie St. Laurent,

           Debtor

Chapter 7
Case No. 19-10213

**ORDER AWARDING ACTUAL AND PUNITIVE DAMAGES**
**FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**

    Under the Bankruptcy Code, "an individual injured by any willful violation" of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). In this case, the debtor has asked the Court to sanction her landlord for violating the automatic stay. *See* [Dkt. No. 17]. At an expedited hearing on the debtor's motion, Connelly Properties, LLC (the "landlord") admitted to violating the automatic stay. *See* [Dkt. No. 26]. Later, the Court conducted a trial on the issue of damages. *See* [Dkt. No. 34].

    Based on the evidence admitted at that trial, the Court concludes that the landlord willfully violated the automatic stay in this case by (a) prosecuting its forcible entry and detainer complaint against the debtor and serving a notice to quit during the afternoon of May 6, 2019, after learning that the debtor had commenced this case earlier that morning; (b) filing another forcible entry and detainer complaint against the debtor on May 15, 2019; (c) causing the sheriff to serve a summons on the debtor on May 18, 2019; (d) posting an invoice for rent to the debtor's door on May 21, 2019, after receiving written notice of the debtor's petition; and (e) prosecuting its complaint against the debtor at a hearing on June 3, 2019. *See* 11 U.S.C. § 362(a)(1) (staying "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the

case"); 11 U.S.C. § 362(a)(6) (staying "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case"); *see also* Fleet Mortg. Grp. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999) ("The standard for a willful violation of the automatic stay . . . is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation.").

As a general matter, section 362(k)(1) mandates an award of actual damages, including costs and attorneys' fees, on account of a willful stay violation. Vázquez Laboy v. Doral Mortg. Corp. (In re Vázquez Laboy), 416 B.R. 325, 332 (B.A.P. 1st Cir. 2009), *rev'd on other grounds*, 647 F.3d 367 (1st Cir. 2011). Under the statute, actual damages may include damages for emotional distress. Kaneb, 196 F.3d at 269; Varela v. Ocasio (In re Ocasio), 272 B.R. 815, 825 (B.A.P. 1st Cir. 2012). To recover, the debtor must show, by a preponderance of the evidence, that she suffered actual damages as a result of the stay violation. Duby v. United States (In re Duby), 451 B.R. 664, 670 (B.A.P. 1st Cir. 2011). Actual damages "should be awarded only if there is concrete evidence supporting the award of a definite amount." Heghmann v. Indorf (In re Heghmann), 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004). Speculation, guess, or conjecture alone will not support an award. Id.

Here, the debtor seeks an award of actual damages for emotional distress. At trial, the debtor and another witness each testified that the debtor's children suffered emotional distress when the landlord caused notices to be posted to the debtor's door. The children apparently suffer from certain medical conditions that existed prior to the filing of this chapter 7 case. The Court does not credit the testimony—from the debtor or her other witness—that these conditions were exacerbated by the landlord's stay violations in this case.[1] The testimony was very general and seemed contrived in an effort to build a case against the landlord, perhaps based on the

---

[1] The Court also discredits the debtor's theory that the landlord discriminated or retaliated against her upon learning that she filed for bankruptcy.

debtor's dissatisfaction with her leased premises.  Other evidence also suggested that the debtor and members of her household may have been experiencing stress from other sources at the time of the stay violations, making it difficult to establish a causal link between the conduct in violation of the stay and the alleged emotional distress.  On the whole, the record fails to provide a sufficient foundation for an award of actual damages on account of emotional distress.

The debtor also seeks actual damages of $66.50 to compensate her for the cost of a transcript of the state court hearing on June 3, 2019 on the landlord's complaint for forcible entry and detainer.  Under section 362(k), the debtor is entitled to recover these costs.

Section 362(k) also authorizes an award of punitive damages in appropriate circumstances.  The statute does not articulate what circumstances are appropriate and courts are left to examine all of the particular facts and circumstances surrounding a stay violation in fashioning an award of punitive damages.  *See* In re Panek, 402 B.R. 71, 77 (Bankr. D. Mass. 2009).  Here, certain factors militate against an award of punitive damages.  First, the debtor did not expressly ask for any such award (although her *pro se* status counsels against assigning dispositive weight to this particular factor).  Second, the landlord's actions were apparently undertaken in reliance on a statement by a state court judge regarding the scope of the stay.  Third, at least some of the landlord's stay violations seem to have been provoked by the debtor.  On the other hand, no deterrent purpose would be served by allowing the landlord to violate the automatic stay on multiple occasions, after receiving verbal and written notice of the bankruptcy filing, without consequence.  A prudent person operating as a landlord for decades, with more than 100 rental units, should be expected to know, or take swift action to learn, the impact of a bankruptcy filing on the landlord-tenant relationship.  The landlord has not argued that he did not receive effective notice of the petition, such that punitive damages would be barred by 11 U.S.C. § 342(g)(2).  In fact, he conceded that he received notice of the case, and then continued to

prosecute his forcible entry and detainer action against the debtor.  The Court is unwilling to countenance the landlord's behavior, even in the face of scanty evidence of actual damages and even in circumstances that may not be fairly characterized as egregious.  To deter similar conduct in the future, punitive damages of $750.00 are hereby awarded under section 362(k).

    If the debtor is still in possession of the leased premises on September 1, 2019, and if the debtor has not paid the entire rent due for the month of September on or before September 6, 2019, then the landlord may offset the damages award of $816.50 against the rent due for the month of September.  Except as provided in the prior sentence, the landlord may not offset the damages award against any debts owed by the debtor.  If the debtor is not in possession of the leased premises on September 1, 2019, or if she pays the entire rent due for the month of September on or before September 6, 2019, then the landlord must tender the debtor a check or a money order in the amount of $816.50 in payment of the damages awarded by this order.  Any such payment must be made no later than September 10, 2019.  This order is fashioned under 11 U.S.C. § 362(k) and 11 U.S.C. § 105(a).

Dated:  August 12, 2019

Michael A. Fagone
United States Bankruptcy Judge
District of Maine